

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,164-01 AND WR-84,164-02

### EX PARTE REGINALD BERNARD HATTON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12029-A-1 AND 12115-A-1 IN THE 77TH DISTRICT COURT
### FROM LIMESTONE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of murder, and one charge of tampering with physical evidence. He was sentenced to fifteen years' imprisonment for the murder, and ten years' imprisonment for the tampering with physical evidence. The sentences were ordered to run consecutively. Applicant expressly waived any right to appeal his convictions.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance, and that his guilty pleas were not knowingly and voluntarily entered. Applicant alleges that trial counsel failed to communicate with him or meet with him, failed to perform and independent investigation or file motions on his behalf, failed to discuss the facts of the case or Applicant's options with him, and advised the trial court that Applicant would be pleading guilty without consulting Applicant. Applicant also alleges that he was not aware that the sentences in these two cases would be stacked.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant's guilty pleas were knowingly and voluntarily entered with a full understanding of the nature and consequences of the pleas. The trial court shall also make any other findings of fact and conclusions

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 25, 2015
Do not publish